Jenna Dakroub, CA #350170
**CONSUMER JUSTICE LAW FIRM**
E: jdakroub@consumerjustice.com
16130 Ventura Boulevard, Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733

*Attorneys for Plaintiff*
*Martin Christopher Dena*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CHRISTOPHER DENA, | Case No.: 3:26-cv-01376-W-DEB |
| Plaintiff, | |
| v. | **JOINT DISCOVERY PLAN** |
| EQUIFAX INFORMATION SERVICES, LLC, CAPITAL ONE AUTO FINANCE, AND TRANS UNION LLC, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P 26(f) and the Notice and Order Setting Early Neutral Evaluation Conference; Rule 26 Compliance; and Case Management Conference (Dkt. No. 21), addressing each item identified in Fed. R. Civ. P. 26(f)(3), along with additional items ordered by the Court, Plaintiff Martin Christopher Dena ("Plaintiff") and Defendants Equifax Information Services LLC ("Equifax"); Trans

1

Union LLC ("Trans Union"); (collectively, the "Credit Bureau Defendants"); and Capital One Auto Finance ("Capital One"); (all defendants collectively, "Defendants"), (all parties collectively referred to as "The Parties"), hereby submit their joint discovery plan and proposed deadlines for the Court's review and consideration:

## ITEMS REQUIRED BY HON. DANIEL E. BUTCHER'S ORDER

1. **Service: A statement as to whether any parties remain to be served and, if so, a proposed deadline for service:**

The Plaintiff served Defendant Capital One and Defendant Equifax on March 17, 2025 (Dkt. No. 3 & 4). Plaintiff served Defendant Trans Union on March 13, 2026 (Dkt. No. 5). The Plaintiff reserves the right to add additional parties who Plaintiff learns are either proper parties or possess pertinent information related to this case, as deemed necessary for resolution of the matter.

2. **Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;**

At this time, the parties do not anticipate any amendments to the pleadings but reserves the right to supplement this response and to amend their pleadings, or move to amend their pleadings, as permitted by the Federal Rules of Civil Procedure, this Court's local rules, and any applicable law. The Parties proposed deadline for amending pleadings is **September 4, 2026**.

2

**3. Protective Order: Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court:**

The parties anticipate that there will be a need for some discovery in this case that may be properly designated as confidential, and thus proper for a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court on or before **July 27, 2026**. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a blanket provisional protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum on or before **July 27, 2026.**  Otherwise, if not agreement can be reached on the language of a blanket provisional protective order, each party may seek protection in compliance with Fed. R. Civ. P. 26(c).

**4. Electronic Discovery: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must represent they have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI") and describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));**

Counsel for the parties confirm they have reviewed the Checklist for

3

Electronically Stored Information. The Parties agreement regarding methodologies for locating and producing electronically stored information is in Paragraph C below.

5. **<u>Discovery</u>: In addition to the Fed. R. Civ. P. 26(f)(3)(B) requirements, the parties must describe the discovery taken to date (if any) and any identified discovery disputes;**

Plaintiff served their first set of written discovery requests to all Defendants in this matter on May 21, 2026. Defendant Equifax served their first set of written discovery requests to Plaintiff on June 1, 2026. Trans Union served their first set of written discovery requests to Plaintiff on June 12, 2026. At this time, there are no discovery disputes.

6. **<u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;**

There are no related cases or proceedings pending before another judge of this court or another administrative body.

7. **<u>Scheduling</u>:**

The Parties have discussed and agree upon the following proposed dates governing the scheduling and management of this matter:

**(1)** Fact discovery cutoff: **<u>January 11, 2027</u>**

**(2)** Initial Expert Disclosure deadline: **<u>February 10, 2027</u>**

**(3)** Rebuttal Expert Disclosure deadline: **<u>March 3, 2027</u>**

**(4)** Expert discovery cutoff: **March 26, 2027**

**(5)** Dispositive Motions Deadline: **May 7, 2027**

8. **Trial: Whether the case will be tried to a jury or to the Court, and the expected length of the trial;**

This matter will be a jury trial, and the Parties expect trial to take 5-7 days.

## ITEMS REQUIRED BY FED. R. CIV. P. 26(f)(3)

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is **June 12, 2026.**

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiff:** Plaintiff anticipates conducting discovery on the following subjects:

1) The circumstances surrounding Defendant's collection, verification, furnishing and/or reporting of the credit information at issue in this case;

2) Defendants' policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b) and § 1785.14 of the CCRAA, as applicable;

3) Defendants' policies and procedures regarding receiving a dispute from

a consumer, providing notice of the consumer's dispute to the furnisher of the disputed information, and the processes by which Defendants are meant to conduct a reasonable investigation of the information disputed by a consumer, as applicable;

4)    The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s), including a federal complaint;

5)    Defendants' policies and procedures regarding the prevention of the reappearance of inaccurate information, in compliance with 15 U.S.C. § 1681i and § 1785.16(c) of the CCRAA;

6)    Defendant Capital One's policies and procedures regarding the investigation of disputed information and review of information provided by consumers, in compliance with 15 U.S.C. § 1681s-2(b);

7)    Defendants' maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and

8)    Third party discovery necessary to establish causation and damages.

Plaintiff does not believe that discovery should be completed in phases nor limited to or focused on a particular issue.

**Defendant Equifax:** Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain

6

reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA and CCRAA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA and CCRAA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate his damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**Defendant Trans Union:** Trans Union anticipates conducting discovery on Plaintiff's credit history, Plaintiff's communications with creditors, and Plaintiff's claimed damages. Trans Union also anticipates taking the depositions of Plaintiff, any expert witnesses disclosed by Plaintiff, and

potential fact witnesses whose identities may be revealed through the course of discovery.

**Defendant Capital One:** Discovery will be needed on the claims and defenses contained in the pleadings, including: Plaintiff's account history, Plaintiff's dispute(s) to the consumer reporting agencies, any direct disputes from Plaintiff to Capital One, Plaintiff's alleged damages, any efforts by Plaintiff to mitigate his alleged damages, communications between the parties related to the account at issue, and communications between Plaintiff and any third parties related to the accounts at issue. Capital One also anticipates taking the depositions of Plaintiff, any expert witnesses disclosed by Plaintiff, and potential fact witnesses whose identities may be revealed through the course of discovery.

**(C)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI,

and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the

party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**(D)** **What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(E)** **Electronic service:**

The parties agree that, pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| Party | Email Service Address(es) |
|---|---|
| Plaintiff Martin Christopher Dena | Jenna Dakroub (jdakroub@consumerjustice.com) Garret Symington (gsymington@consumerjustice.com) |

|  | Chloe Lopez (clopez@consumerjustice.com) |
|---|---|
| Defendant Equifax Information Services, LLC | Heliane Fabian (hfabian@seyfarth.com) Jennifer R. Brooks (jrbrooks@seyfarth.com) Kayla Hall (khall@seyfarth.com) |
| Defendant Trans Union LLC | Charlotte Long (charlotte.long@transunion.com) Also include any other attorneys and support staff that may appear at a later date. |
| Defendant Capital One Auto Finance | Peter Yould (peter.yould@troutman.com) Also include any other attorneys and support staff that may appear at a later date. |

Respectfully submitted this June 18, 2026.

/s/ Jenna Dakroub
Jenna Dakroub, CA #350170
**CONSUMER JUSTICE LAW FIRM**
E: jdakroub@consumerjustice.com
16130 Ventura Boulevard, Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733
Attorneys for Plaintiff
Martin Christopher Dena

/s/ Heliane Fabian
Heliane Fabian (SBN 361563)
**SEYFARTH SHAW LLP**
hfabian@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-3021
Attorneys for Defendant
Equifax Information Services, LLC

/s/ Charlotte Long
Charlotte Long, Esq. (State Bar No. 347160)
charlotte.long@transunion.com
**Trans Union, LLC**
555 W. Adams Street
Chicago, IL 60661
(469) 578-1464

/s/ Peter Yould
Peter Yould (SBN 339155)
**TROUTMAN PEPPER LOCKE LLP**
peter.yould@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, California 92618
Telephone: 949.622.2421
Facsimile: 949.622.2739

*Attorneys for Defendant*
*Trans Union LLC*

*Attorneys for Defendant Capital One*
*Auto Finance, a division of Capital*
*One, N.A.*

## ECF MULTIPLE SIGNATURE CERTIFICATION

Pursuant to section 2(f)(4) of the Southern District of California Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Heliane Fabian, counsel for Defendant Equifax Information Services LLC, Peter B. Yould, counsel for Defendant Capital One Auto Finance, and Charlotte Long, counsel for Trans Union LLC and that I have obtained their authorization to affix their electronic signature to this document.

Dated: June 18, 2026                    **CONSUMER JUSTICE LAW FIRM**

By: */s/ Jenna Dakroub*
Jenna Dakroub

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM**

By: */s/ Chloe Lopez*